1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARPENTERS RETIREMENT TRUST OF
WESTERN WASHINGTON, CARPENTERS
OF WESTERN WASHINGTON INDIVIDUAL
ACCOUNT PENSION TRUST, CARPENTERS
HEALTH AND SECURITY TRUST OF
WESTERN WASHINGTON, CARPENTERS-
EMPLOYERS VACATION TRUST OF
WESTERN WASHINGTON, AND
CARPENTERS-EMPLOYERS
APPRENTICESHIP AND TRAINING TRUST
FUND OF WESTERN WASHINGTON,
collectively known as Carpenters Trusts of
Western Washington; and PACIFIC
NORTHWEST REGIONAL COUNCIL OF
CARPENTERS,

                    Plaintiff,

        v.

HEALTHY HOMES NW LLC; and SAFECO
INSURANCE COMPANY OF AMERICA
BOND NO. 6410528,

                    Defendant.

CASE NO. C08-289RSM

ORDER DENYING SAFECO'S
MOTION TO DISMISS AND
GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT
AGAINST SAFECO

        This matter comes before the Court on Defendant Safeco Insurance Company of America's

Motion to Dismiss Plaintiffs' State Law Claim for Lack of Supplemental Jurisdiction (Dkt. # 9) and

Plaintiffs' Motion for Summary Judgment Against Safeco (Dkt. # 4).  For the reasons set forth below, the

Court DENIES Safeco's motion to dismiss and GRANT Plaintiffs' motion for summary judgment.

ORDER  - PAGE 1

# I. BACKGROUND

This case involves claims arising out of employee benefit contribution payments that Defendant Healthy Homes allegedly failed to pay to Plaintiffs, the Carpenters Trusts of Western Washington and the Pacific Northwest Regional Council of Carpenters, during a public works construction project.

Lydig Construction, a general contractor, was awarded a contract to build the Snohomish Elementary School Project. Lydig subcontracted with Healthy Homes. For labor, Healthy Homes signed a Project Agreement with the Carpenters Regional Council. In the Project Agreement, Healthy Homes agreed to pay certain fringe benefit contributions to trust funds administered by the Plaintiffs in this action. As required by Washington law, Wash. Rev. Code § 39.08.010, Lydig purchased a payment bond from Safeco to guarantee payment of all labor and materials on the project.

The Plaintiffs brought suit against Healthy Homes under the Labor Management Relations Act, 29 U.S.C. § 301(a), and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking to collect the unpaid contributions, liquidated damages, accrued interest, costs, and attorney's fees. The Plaintiffs also seek to recover against Safeco on the payment bond under state law. Lydig is not a party to this action.

# II. ANALYSIS

**A. Subject Matter Jurisdiction**

*1. Jurisdiction over Federal Claims*

This court has subject matter jurisdiction over the Plaintiffs' LMRA and ERISA claims against Healthy Homes. 29 U.S.C. §§ 185(a), 1132(a)(1)(B), (g)(2).

*2. Jurisdiction Over State Claim*

This Court has supplemental jurisdiction over state claims if they arise out of the same case or controversy. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over such a claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

1  Id. § 1367(a).  The district court's determination should be "informed by whether remanding the pendent
2  state claims comports with the underlying objective of most sensibly accommodat[ing] the values of
3  economy, convenience, fairness, and comity."  Executive Software N. Am., Inc. v. U.S. Dist. Court, 24
4  F.3d 1545, 1557 (9th Cir. 1994) (citation and internal quotations omitted).

5       This Court has supplemental jurisdiction over Plaintiffs' state law claim because it arises out of
6  the same set of facts surrounding Healthy Homes' failure to make the required payments to the trusts.
7  Safeco, however, asks the court to decline jurisdiction over the state law claim because (1) Plaintiffs'
8  claim against Safeco "predominates" over their claims against Healthy Homes and (2) Plaintiffs lack
9  standing to bring their federal claims.

10       *a. State Claims "Predominate"*

11       Safeco argues that, because Healthy Homes is "defunct" and without assets, the Plaintiffs have no
12  meaningful claim against Healthy Homes.  Thus, the state law claim "predominates" over the federal
13  claims in this case.  Dkt. # 9, at 9.  The court rejects this argument.  The Plaintiffs allege that Healthy
14  Homes failed to pay contributions to the trust funds in violation of the Project Agreement and ERISA.
15  Under Washington law, a dissolved corporation can still be sued.  Wash. Rev. Code § 23B.14.050(2)(e).
16  The Plaintiffs have legitimate federal claims against Healthy Homes.

17       Further, the values of economy, convenience, fairness, and comity counsel in favor of exercising
18  supplemental jurisdiction in this case.

19       *Judicial Economy.*  Safeco argues that "[r]eturning the state law claim to state court would
20  permit the issue to be joined with Lydig Construction's first-filed suit in Snohomish County, rather than
21  (as current) result in two redundant proceedings."  Dkt. # 9, at 10.  The court disagrees.  The two suits
22  are not redundant, as Lydig is not a party to this federal suit.  Further, if the court remanded Plaintiffs'
23  state law claim, there would still be parallel state and federal proceedings in this case.  Because this court
24  can resolve Plaintiffs' state law claim against Safeco without fact finding, see infra at p.7, exercising
25  supplemental jurisdiction over the state claim and granting Plaintiffs' requested relief will not require any
26  more judicial resources than deciding whether to exercise that jurisdiction.

27       *Convenience.*  The parties have already submitted briefs as to Plaintiffs' motion for summary
28

ORDER  - PAGE 3

judgment.  Remanding the state law claim would require that the parties duplicate this effort.

*Fairness.*  Safeco argues that it would be "manifestly unfair to permit the Plaintiffs to achieve a different outcome merely due to a change in venue," Dkt. # 9, at 11, suggesting that the Plaintiffs are forum shopping because they filed this claim in federal court despite Lydig's pending state declaratory judgment action.  See Dkt. # 11, at 9 ("Plaintiffs in this action have sought to engage the subject matter jurisdiction of this Court in a transparent attempt to obtain a different outcome.").  The court disagrees.  The Plaintiffs have legitimate federal claims and have a right to present them in federal court.  It is reasonable for them to bring their related state law claim in federal court as well.

In any event, to the extent that the parties have engaged in forum shopping, it is Lydig's forum shopping that is the most egregious.  On February 11, 2008, the Plaintiffs filed their notice of claim on the Bond on Safeco, Lydig, and the Snohomish School District.  Dkt. # 1, at 4.  Two days later, Lydig brought its state court declaratory judgment action in Snohomish County Superior Court.  Order Granting Mot. For Remand at 2, Lydig Constr., Inc. v. Carpenters Health and Sec. Trust of W. Wash., No.08-349 (W.D. Wash. Mar. 28, 2008).  "Anticipatory declaratory judgment filing constitutes blatant forum-shopping, depriving Plaintiffs of their right to choose the forum for their entire lawsuit and causing duplicative lawsuits."  Bd. of Trustees of the Cement Masons & Plasters Health and Welfare Trust v. GBC Northwest, LLC, No. 06-1715, at 6 (W. D. Wash. May 3, 2007).

*Comity.*  Safeco argues that "[d]ue consideration and respect for the clear rulings of the highest court of the State of Washington weigh in favor of this Court's [sic] not exercising supplemental jurisdiction."  Dkt. # 9, at 11.  The concern about comity articulated in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), was with federal courts making "[n]eedless decisions of state law." (emphasis added).  The disposition of the present case, however, largely hinges on a question of federal law:  whether Plaintiffs' state law claim is preempted by ERISA.  Mackey v. Lanier Collection Agency, 486 U.S. 825, 830-31 (1988) (ERISA preemption is a question of federal law).  There is little risk of the court in this case making needless decisions about state law.  See also Gibbs, 383 U.S. at 727 (noting that the argument for the exercise of pendent jurisdiction is particularly strong "when the allowable scope of the state claim implicates the federal doctrine of pre-emption.").

ORDER  - PAGE 4

*b. Plaintiffs lack standing*

Next, Safeco argues that Plaintiffs' claims against Healthy Homes should be dismissed because the Project Agreement requires the Carpenters to arbitrate any claims against Healthy Homes. Thus Plaintiffs' only remaining claim is a state law claim, and this court should decline to exercise supplemental jurisdiction over it.

The court rejects this argument. In <u>Schneider Moving & Storage Co. v. Robbins</u>, 466 U.S. 364, 373 (1984), the Supreme Court held that, where neither the terms of the collective bargaining agreement nor the terms of the trust agreements indicated an intent that the trust funds be required to arbitrate disputes between the trusts and employers, "none should be inferred." Applying <u>Robbins</u>, the Ninth Circuit in <u>Carpenters Health and Welfare Trust Fund for California v. Bla-Delco Construction</u>, Inc., 8 F.3d 1365, 1369 (9th Cir. 1993), refused to infer a requirement that the trust funds exhaust the arbitration procedures in the collective bargaining agreement where the funds were not parties to the collective bargaining agreement, the agreement did not expressly bind the trust fund to its arbitration provisions, and the individual trust fund agreement contained no provision requiring them to arbitrate collection disputes. As in <u>Bla-Delco</u>, the Plaintiffs here were not parties to the collective bargaining agreement, the agreement does not expressly bind them to arbitrate, and the trust fund agreements do not require the Plaintiffs to arbitrate collection disputes. Dkt. # 5-2, Ex.1, at 2 & Ex. 3. Dismissal of Plaintiffs' federal claims is inappropriate.

**B. Summary Judgment**

*1. Standard of Review*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fat and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).

ORDER - PAGE 5

1

*2. Summary Judgment*

2      The Plaintiffs argue that there is "no triable issue as to any material fact supporting their claim

3   against Safeco's Payment Bond." Dkt. # 4, at 2.  They correctly point out that there is "no dispute that

4   Healthy Homes failed to pay plaintiffs for labor performed on the project" and "that the Payment Bond

5   was issued on the Project for the very purpose of paying such." <u>Id.</u>  Instead, Safeco argues that summary

6   judgment is inappropriate because (1) Plaintiffs' claim is preempted by ERISA and (2) Plaintiffs' motion

7   is based on inadmissible hearsay.

8           *a. ERISA preemption*

9      Relying on cases decided by the Washington Supreme Court, Safeco argues that Plaintiffs' state

10   law claim is preempted by ERISA.  The court rejects this argument.  As discussed above, ERISA

11   preemption is a question of federal law, <u>Mackey</u>, 486 U.S. at 830-31, and thus it is the precedent of the

12   Ninth Circuit Court of Appeals, rather than the precedent of the Washington Supreme Court, that is

13   binding on this court.  <u>See</u> <u>Vacation Village, Inc. v. Clark County</u>, 497 F.3d 902, 915 (9th Cir. 2007).

14      Under the governing Ninth Circuit precedent, the Plaintiffs' state law claim is not preempted.  In

15   <u>Southern California IBEW-NECA Trust Funds v. Standard Industrial Electric Co.</u>, 247 F.3d 920 (9th

16   Cir. 2001), the Ninth Circuit found that ERISA did not preempt the claims of ERISA trust funds against

17   a public works bond under the California bond statute.  Applying <u>Standard Industrial</u>, this Court reached

18   the same result under the Washington state statute.  <u>Ironworkers Dist. Council of Pacific NW. v. George</u>

19   <u>Sollitt Corp.</u>, No. C01-1668C, 2002 WL 31545972 (W.D. Wash. Sept. 4, 2002).  Plaintiffs' state law

20   claim is not preempted.[1]

21           *b. Hearsay*

22      Safeco asserts that evidence offered by plaintiffs to support their claim of the amount owed to the

23   trusts by Healthy Homes is inadmissible hearsay, and that no exceptions allowing consideration of this

24   evidence apply.  The evidence at issue consists of copies of payroll records for eight Healthy Homes

25   employees.  Declaration of Judy Brown, Exhibit B.  These were provided to plaintiffs by Lydig

26

27      [1] Safeco appears to concede this point, arguing only that the Washington Supreme Court's
decisions are binding.  Safeco does not attempt to distinguish the present case from <u>Standard Industrial</u> or

28   <u>Sollitt</u>.

1  Construction during discovery, and are therefore admissible under Federal Rule of Evidence 801(d)(2)(C)

2  as an admission of a party opponent, by a person authorized by the party to make a statement.

3  ### III. CONCLUSION

4  Having reviewed the Plaintiffs' and Defendant's motions, the parties' replies, the declarations and

5  exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

6  (1) Defendant Safeco's Motion to Dismiss the state law claim (Dkt. # 9) is DENIED;

7  (2) Plaintiffs' Motion for Summary Judgment (Dkt. # 4) is GRANTED.  Plaintiffs are entitled to

8  judgment against the payment bond in the principal amount of $27,865.67.

9

10  DATED this 29th day of May, 2008.

11

12

13  RICARDO S. MARTINEZ

14  UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER  - PAGE 7